# U.S. District Court
# Eastern District of New York (Brooklyn)
# CRIMINAL DOCKET FOR CASE #: 1:26−mj−00176−LKE All Defendants

Case title: USA v. Zou et al

Date Filed: 09/15/2026

---

Assigned to: Magistrate Judge
Lara K. Eshkenazi

**Defendant (1)**

**Hong Zou**
*also known as*
Tony

represented by **Samuel Jacobson**
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
718−407−7429
Fax: 718−855−0760
Email: samuel_i_jacobson@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

| Pending Counts | Disposition |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| Terminated Counts | Disposition |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| Complaints | Disposition |
|---|---|
| 18:1349.F | |

---

Assigned to: Magistrate Judge
Lara K. Eshkenazi

**Defendant (2)**

**Qing Zou** represented by **Sally J.M. Butler**
42−40 Bell Blvd, Suite 302
Bayside, NY 11361
718−279−4500
Fax: 718−281−0850
Email: SallyButlerEsq@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 18:1349.F | |

---

**Plaintiff**

**USA** represented by **Michael McGuinness**
DOJ−USAO
United States Attorney's Office, EDNY
271 Cadman Plaza East
Brooklyn, NY 11201
718−254−6023
Email: michael.mcguinness@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/15/2026 | 1 | RULE 5 AFFIDAVIT/REMOVAL TO THE NORTHERN DISTRICT OF TEXAS by USA as to Hong Zou, Qing Zou (FC) (Entered: 09/15/2026) |
| 09/15/2026 | | Arrest (Rule 5) of Hong Zou, Qing Zou (FC) (Entered: 09/15/2026) |

| | | |
|---|---|---|
| 09/15/2026 | | Minute Entry for proceedings held before Magistrate Judge Lara K. Eshkenazi:Arraignment as to Hong Zou (1) Count Complaint held on 9/15/2026, Attorney Appointment Hearing as to Hong Zou held on 9/15/2026, Initial Appearance in Rule 5(c)(3) Proceedings as to Hong Zou held on 9/15/2026. AUSA Michael McGuinness present. Dft present w/federal defender Samuel Jacobson. Removal proceeding to the Northern District of Texas hearing held. Dft waived identity hearing. Dfse counsel & govt agree on a $40,000 bond. Dft advised of the bond conditions and signed the bond. Dft released on a $40,000 bond. Rule 5f warnings given to the govt. (Time Log # 9/15/26 3:47−4:06.) (FC) (Entered: 09/15/2026) |
| 09/15/2026 | 2 | ORDER Setting Conditions of Release as to Hong Zou (1) $40,000. Ordered by Magistrate Judge Lara K. Eshkenazi on 9/15/2026. (FC) (Entered: 09/15/2026) |
| 09/15/2026 | 3 | WAIVER of Rule 5(c)(3) Hearing by Hong Zou (FC) (Entered: 09/15/2026) |
| 09/15/2026 | 4 | CJA 23 Financial Affidavit by Hong Zou (FC) (Entered: 09/15/2026) |
| 09/15/2026 | | Minute Entry for proceedings held before Magistrate Judge Lara K. Eshkenazi:Arraignment as to Qing Zou (2) Count Complaint held on 9/15/2026, Attorney Appointment Hearing as to Qing Zou held on 9/15/2026, Initial Appearance in Rule 5(c)(3) Proceedings as to Qing Zou held on 9/15/2026. AUSA Michael McGuinness present. Dft present w/cja counsel Sally Butler. Removal proceeding to the Northern District of Texas hearing held. Dft waived identity hearing. Dfse counsel & govt agree on a $40,000 bond. Dft advised of the bond conditions and signed the bond. Dft released on a $40,000 bond. Rule 5f warnings given to the govt. (Time Log #9/15/26 3:47−4:06.) (FC) (Entered: 09/15/2026) |
| 09/15/2026 | 5 | ORDER Setting Conditions of Release as to Qing Zou (2) $40,000. Ordered by Magistrate Judge Lara K. Eshkenazi on 9/15/2026. (FC) (Entered: 09/15/2026) |
| 09/15/2026 | 6 | WAIVER of Rule 5(c)(3) Hearing by Qing Zou (FC) (Entered: 09/15/2026) |
| 09/15/2026 | 7 | CJA 23 Financial Affidavit by Qing Zou (FC) (Entered: 09/15/2026) |
| 09/15/2026 | 8 | CJA 20 as to Qing Zou: Appointment of Attorney Sally J.M. Butler for Qing Zou. Ordered by Magistrate Judge Lara K. Eshkenazi on 9/15/2026. (FC) (Entered: 09/15/2026) |
| 09/15/2026 | 9 | ORDER: This order is entered pursuant to Federal Rule of Criminal Procedure 5(f) to confirm the prosecution's disclosure obligations under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating those obligations as to Hong Zou, Qing Zou. Ordered by Magistrate Judge Lara K. Eshkenazi on 9/15/2026. (FC) (Entered: 09/15/2026) |

MWG:MOM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

HONG ZOU, also known as "Tony,"
and QING ZOU,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

REMOVAL TO THE NORTHERN DISTRICT OF TEXAS

(Fed. R. Crim. P. 5)

Case No. 26-MJ-176

EASTERN DISTRICT OF NEW YORK, SS:

RAUANY BENEDICT, being duly sworn, deposes and states that he is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

On or about August 13, 2026, the United States District Court for the Northern District of Texas issued a warrant for the arrest of the defendants HONG ZOU, also known as "Tony," and QING ZOU, for violating 18 U.S.C. §§ 1349 and 1343 (conspiracy to commit wire fraud), and 18 U.S.C. §§ 1956 and 1957 (money laundering).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. On or about August 13, 2026, the Honorable Jeffrey L. Cureton, United States Magistrate Judge for the Northern District of Texas, issued a complaint charging the defendants HONG ZOU, also known as "Tony," and QING ZOU with conspiracy to commit wire

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

fraud, in violation of 18 U.S.C. §§ 1349 and 1343, and money laundering, in violation of 18 U.S.C. §§ 1956 and 1957 (the "Complaint"). A true and correct copy of the Complaint is attached as Exhibit A.

2. On or about August 13, 2026, the United States District Court for the Northern District of Texas issued a warrant for the arrest of the defendants HONG ZOU, also known as "Tony," and QING ZOU in connection with the Indictment (the "Warrants"). A true and correct copy of the Warrants are attached as Exhibit B.

3. On or about September 15, 2026, the defendant HONG ZOU, also known as "Tony," was arrested by HSI in Flushing, New York. At the time of his arrest, HONG ZOU had in his possession a driver's license with a name matching the name of the person in the arrest warrant. Additionally, law enforcement agents also had a photograph of the person named in the arrest warrant, and they observed HONG ZOU's appearance and confirmed that HONG ZOU was the same person as the person depicted in the photograph and wanted in the Northern District of Texas. Further, the individual arrested by law enforcement identified himself as HONG ZOU.

4. Additionally, on or about September 15, 2026, the defendant QING ZOU was arrested by HSI at a different address in Flushing, NY, 11354. At the time of his arrest, the defendant QING ZOU had in his possession a driver's license with a name matching the name of the person in the arrest warrant. Additionally, law enforcement agents also had a photograph of the person named in the arrest warrant, and they observed QING ZOU's appearance and confirmed that QING ZOU was the same person as the person depicted in the photograph and wanted in the Northern District of Texas. Further, the individual arrested by law enforcement identified himself as QING ZOU.

5. Based on the foregoing, I submit that there is probable cause to believe that the defendants are the HONG ZOU, also known as "Tony," and QING ZOU wanted in the Northern District of Texas.

WHEREFORE, your deponent respectfully requests that the defendant HONG ZOU, also known as "Tony," and QING ZOU be removed to the Northern District of Texas so that they may be dealt with according to law.

/s/ Rauany Benedict
RAUANY BENEDICT
Special Agent
United States Department of Homeland Security,
Homeland Security Investigations

Sworn to before me this
15th day of September, 2026

[redacted]
THE HONORABLE LARA K. ESHKENAZI
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK

**United States of America** Case No. 26-176M

v. Hong Zou, *Defendant*

## ORDER SETTING CONDITIONS OF RELEASE AND APPEARANCE BOND

## RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released subject to the Conditions of Release below and:
( ☐ ) On **Personal Recognizance** on the defendant's promise to appear at all scheduled proceedings as required, or
( ☑ ) Upon **Bond** executed by the defendant in the amount of $ 40,000, which shall be
☑ unsecured; ☐ cosigned by the financially responsible sureties identified on this bond;
☐ secured by Collateral set forth on the Appearance Bond Supplement.

## CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to the following conditions, which the Court finds are the least restrictive conditions necessary to reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) The defendant must appear in court as required and surrender as directed for service of any sentence imposed.
(2) The defendant must not commit a federal, state or local crime while on release.
(3) The defendant must cooperate in the collection of DNA sample if it is authorized by 34 U.S.C. § 40702.
(4) The defendant must advise the Court in writing before making any change in residence or telephone number.
(5) The defendant must not possess a firearm, destructive device or other dangerous weapon.
(6) The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Marijuana is still prohibited under federal law.
(7) As marked below, the defendant must also:
( ☑ ) (a) submit to pretrial supervision and report to Pretrial Services as directed. The defendant is subject to random home contacts and verification of employment as deemed appropriate to monitor compliance with the conditions of release. The defendant shall notify Pretrial Services as soon as possible of any arrests.
( ☐ ) (b) ☐ continue or actively seek employment. ☐ continue or start an education and/or vocational program.
( ☑ ) (c) surrender any passport to Pretrial Services by 9/15/26 and not obtain a passport or any international travel document.
( ☑ ) (d) not leave the following areas except for travel to and from court: ☑ New York City; ☐ Long Island; ☐ New York State; ☐ New Jersey; ☐ Continental United States; ☐ as approved by Pretrial Services; ☑ other: NDTX
( ☑ ) (e) not have any contact with the following individual(s), location or entity: Codfts, co-conspirators except in the presence of counsel
( ☐ ) (f) maintain residence at: ______ or at a location approved by Pretrial Services.
( ☐ ) (g) undergo testing, evaluation and/or treatment for substance abuse as directed by Pretrial Services.
( ☐ ) (h) undergo evaluation and treatment for mental health problems, as directed by Pretrial Services.
( ☐ ) (i) be subject to the following component of location monitoring, with technology as determined by Pretrial Services:
( ☐ ) (i) **Curfew** – restricted to residence ☐ daily from ______ to ______; or ☐ as directed by Pretrial Services.
( ☐ ) (ii) **Home Detention** – restricted to residence at all times, except for court appearances, court-ordered obligations, attorney visits, religious services, medical appointments, employment, education, substance abuse/mental health services and other activities approved in advance by Pretrial Services. Additionally, the Court permits: ______.
( ☐ ) (iii) **Home Incarceration** – 24-hour lock-down at residence, except for medical necessities, court appearances, and any other activities ordered by the Court.
( ☐ ) (iv) **Stand Alone Monitoring** – no residential restrictions; this condition will be used in conjunction with global positioning system (GPS) technology.
( ☐ ) (j) pay all or part of cost of location monitoring, based on ability to pay as determined by Pretrial Services.
( ☐ ) (k) ______

## APPEARANCE BOND

I, the undersigned defendant, and each surety who signs the bond, acknowledge that I have read this Order Setting Conditions of Release and Appearance Bond and have either read all the other conditions of release or have had those conditions explained to me. (If the bond is secured by collateral, complete Appearance Bond Supplement.)

| | | |
|---|---|---|
| _______________, *Surety* | *Address* | *Date* |
| _______________, *Surety* | *Address* | *Date* |
| _______________, *Surety* | *Address* | *Date* |

## RELEASE OF THE BOND

This appearance bond may be terminated at any time by the Court. This bond will be satisfied, and the collateral will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## FORFEITURE OF THE BOND

If the defendant does not comply with the conditions set forth in this Order Setting Conditions of Release and Appearance Bond, this appearance bond may be forfeited and the Court may immediately order the amount of the bond and any collateral to be surrendered to the United States. At the request of the United States, the Court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT – YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

- Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.
- While on release, if you commit a federal felony offense, the punishment is an additional prison term of not more than ten years, and for a federal misdemeanor offense, the punishment is an additional prison term of not more than one year. This sentence will be consecutive to (*i.e.*, must follow) any other sentence you receive.
- It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the Court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.
- If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
  (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
  (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or more than $250,000 or imprisoned for not more than five years, or both;
  (3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
  (4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.
- A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## ACKNOWLEDGMENT OF THE DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

[signature]
*Defendant's Signature*

**Release of the Defendant is hereby ordered on** 9/15/26.
*Date*

AO 466A S (Rev. 07/16) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | | |
|---|---|---|
| United States of America | ) | Case No. 26-MJ-176 |
| v. | ) | |
| Hong Zou | ) | Charging District's Case No. 26-MJ-42 |
| Defendant | ) | |

**WAIVER OF RULE 5 & 5.1 HEARINGS**
**(Complaint or Indictment)**

I understand that I have been charged in another district, the (name of other court) Northern District of Texas.

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5) a hearing on any motion by the government for detention;

(6) request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒ an identity hearing and production of the warrant.

☒ a preliminary hearing.

☐ a detention hearing.

☐ an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that any preliminary or detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 9/15/2026

[signature]
Defendant's signature

[signature]
Signature of defendant's attorney

Sam Jacobson
Printed name of defendant's attorney

This document has not been officially approved by the Administrative Office or the Judicial Conference of the United States.

UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK

**United States of America** Case No. 26-176M

v. Qing Zou, *Defendant*

## ORDER SETTING CONDITIONS OF RELEASE AND APPEARANCE BOND

## RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released subject to the Conditions of Release below and:
( ☐ ) On **Personal Recognizance** on the defendant's promise to appear at all scheduled proceedings as required, or
( ☑ ) Upon **Bond** executed by the defendant in the amount of $ 40,000, which shall be
☑ unsecured; ☑ cosigned by the financially responsible sureties identified on this bond;
☐ secured by Collateral set forth on the Appearance Bond Supplement.

LKE

## CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to the following conditions, which the Court finds are the least restrictive conditions necessary to reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) The defendant must appear in court as required and surrender as directed for service of any sentence imposed.
(2) The defendant must not commit a federal, state or local crime while on release.
(3) The defendant must cooperate in the collection of DNA sample if it is authorized by 34 U.S.C. § 40702.
(4) The defendant must advise the Court in writing before making any change in residence or telephone number.
(5) The defendant must not possess a firearm, destructive device or other dangerous weapon.
(6) The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Marijuana is still prohibited under federal law.
(7) As marked below, the defendant must also:
( ☑ ) (a) submit to pretrial supervision and report to Pretrial Services as directed. The defendant is subject to random home contacts and verification of employment as deemed appropriate to monitor compliance with the conditions of release. The defendant shall notify Pretrial Services as soon as possible of any arrests.
( ☐ ) (b) ☐ continue or actively seek employment. ☐ continue or start an education and/or vocational program.
( ☑ ) (c) surrender any passport to Pretrial Services by 9/16/26 and not obtain a passport or any international travel document.
( ☑ ) (d) not leave the following areas except for travel to and from court: ☑ New York City; ☐ Long Island; ☐ New York State; ☐ New Jersey; ☐ Continental United States; ☐ as approved by Pretrial Services; ☑ other: NDTX.
( ☑ ) (e) not have any contact with the following individual(s), location or entity: co dfts, co-conspirators except in the presence of counsel
( ☐ ) (f) maintain residence at: ____________ or at a location approved by Pretrial Services.
( ☐ ) (g) undergo testing, evaluation and/or treatment for substance abuse as directed by Pretrial Services.
( ☐ ) (h) undergo evaluation and treatment for mental health problems, as directed by Pretrial Services.
( ☐ ) (i) be subject to the following component of location monitoring, with technology as determined by Pretrial Services:
( ☐ ) (i) **Curfew** – restricted to residence ☐ daily from ________ to ________ ; or ☐ as directed by Pretrial Services.
( ☐ ) (ii) **Home Detention** – restricted to residence at all times, except for court appearances, court-ordered obligations, attorney visits, religious services, medical appointments, employment, education, substance abuse/mental health services and other activities approved in advance by Pretrial Services. Additionally, the Court permits: ____________.
( ☐ ) (iii) **Home Incarceration** – 24-hour lock-down at residence, except for medical necessities, court appearances, and any other activities ordered by the Court.
( ☐ ) (iv) **Stand Alone Monitoring** – no residential restrictions; this condition will be used in conjunction with global positioning system (GPS) technology.
( ☐ ) (j) pay all or part of cost of location monitoring, based on ability to pay as determined by Pretrial Services.
( ☐ ) (k) ____________

## APPEARANCE BOND

I, the undersigned defendant, and each surety who signs the bond, acknowledge that I have read this Order Setting Conditions of Release and Appearance Bond and have either read all the other conditions of release or have had those conditions explained to me. (If the bond is secured by collateral, complete Appearance Bond Supplement.)

| | | |
|---|---|---|
| __________, *Surety* | *Address* | *Date* |
| __________, *Surety* | *Address* | *Date* |
| __________, *Surety* | *Address* | *Date* |

## RELEASE OF THE BOND

This appearance bond may be terminated at any time by the Court. This bond will be satisfied, and the collateral will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## FORFEITURE OF THE BOND

If the defendant does not comply with the conditions set forth in this Order Setting Conditions of Release and Appearance Bond, this appearance bond may be forfeited and the Court may immediately order the amount of the bond and any collateral to be surrendered to the United States. At the request of the United States, the Court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT – YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

- Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.
- While on release, if you commit a federal felony offense, the punishment is an additional prison term of not more than ten years, and for a federal misdemeanor offense, the punishment is an additional prison term of not more than one year. This sentence will be consecutive to (*i.e.*, must follow) any other sentence you receive.
- It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the Court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.
- If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
  (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
  (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or more than $250,000 or imprisoned for not more than five years, or both;
  (3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
  (4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.
- A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## ACKNOWLEDGMENT OF THE DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

**Release of the Defendant is hereby ordered on** 9/15/26.
*Date*

AO 466A S (Rev. 07/16) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | | |
|---|---|---|
| United States of America<br>v.<br>Qing Zou<br>Defendant | ) | Case No. 26-MJ-176<br><br>Charging District's Case No. |

# WAIVER OF RULE 5 & 5.1 HEARINGS
## (Complaint or Indictment)

I understand that I have been charged in another district, the (name of other court) Northern District of Texas.

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5) a hearing on any motion by the government for detention;

(6) request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

- ☑ an identity hearing and production of the warrant.
- ☑ a preliminary hearing.
- ☑ a detention hearing.
- ☑ an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district. I request that any preliminary or detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 9/15/26

[signature]
Defendant's signature

[signature]
Signature of defendant's attorney

Sally Butler
Printed name of defendant's attorney

This document has not been officially approved by the Administrative Office or the Judicial Conference of the United States.

CJA 20 APPOINTMENT OF AND AUTHORITY TO PAY COURT-APPOINTED COUNSEL (Rev. 07/17)

| 1. CIR./DIST./ DIV. CODE | 2. PERSON REPRESENTED | VOUCHER NUMBER |
|---|---|---|
| EDNY | Qing Zou | |

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|
| 26MJ176 | | | |

| 7. IN CASE/MATTER OF *(Case Name)* | 8. PAYMENT CATEGORY | 9. TYPE PERSON REPRESENTED | 10. REPRESENTATION TYPE *(See Instructions)* |
|---|---|---|---|
| USA v. Zou et al | ☑ Felony ☐ Petty Offense ☐ Misdemeanor ☐ Other ☐ Appeal | ☑ Adult Defendant ☐ Appellant ☐ Juvenile Defendant ☐ Appellee ☐ Other | CC |

11. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section) *If more than one offense, list (up to five) major offenses charged, according to severity of offense.*
18 USC 1349

12. ATTORNEY'S NAME *(First Name, M.I., Last Name, including any suffix),* AND MAILING ADDRESS
Sally Butler
42-40 Bell Blvd. Suite 302
Bayside, NY 11361

Telephone Number : (718) 279-4500

14. NAME AND MAILING ADDRESS OF LAW FIRM *(Only provide per instructions)*

13. COURT ORDER
☑ O Appointing Counsel ☐ C Co-Counsel
☐ F Subs For Federal Defender ☐ R Subs For Retained Attorney
☐ P Subs For Panel Attorney ☐ Y Standby Counsel

Prior Attorney's Appointment Dates: ____

☐ Because the above-named person represented has testified under oath or has otherwise satisfied this Court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 12 is appointed to represent this person in this case, OR
☐ Other *(See Instructions)*

Lara K. Eshkenazi
Signature of Presiding Judge or By Order of the Court

9/15/2026 — Date of Order
9/15/2026 — Nunc Pro Tunc Date

Repayment or partial repayment ordered from the person represented for this service at time appointment. ☐ YES ☐ NO

## CLAIM FOR SERVICES AND EXPENSES / FOR COURT USE ONLY

| | CATEGORIES *(Attach itemization of services with dates)* | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH. ADJUSTED HOURS | MATH/TECH. ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|---|---|---|
| 15. In Court | a. Arraignment and/or Plea | | 0.00 | | 0.00 | |
| | b. Bail and Detention Hearings | | 0.00 | | 0.00 | |
| | c. Motion Hearings | | 0.00 | | 0.00 | |
| | d. Trial | | 0.00 | | 0.00 | |
| | e. Sentencing Hearings | | 0.00 | | 0.00 | |
| | f. Revocation Hearings | | 0.00 | | 0.00 | |
| | g. Appeals Court | | 0.00 | | 0.00 | |
| | h. Other *(Specify on additional sheets)* | | 0.00 | | 0.00 | |
| | **(RATE PER HOUR = $ ) TOTALS:** | 0.00 | 0.00 | 0.00 | 0.00 | |
| 16. Out of Court | a. Interviews and Conferences | | 0.00 | | 0.00 | |
| | b. Obtaining and reviewing records | | 0.00 | | 0.00 | |
| | c. Legal research and brief writing | | 0.00 | | 0.00 | |
| | d. Travel time | | 0.00 | | 0.00 | |
| | e. Investigative and other work *(Specify on additional sheets)* | | 0.00 | | 0.00 | |
| | **(RATE PER HOUR = $ ) TOTALS:** | 0.00 | 0.00 | 0.00 | 0.00 | |
| 17. | Travel Expenses *(lodging, parking, meals, mileage, etc.)* | | | | | |
| 18. | Other Expenses *(other than expert, transcripts, etc.)* | | | | | |
| **GRAND TOTALS (CLAIMED AND ADJUSTED):** | | | 0.00 | | 0.00 | |

19. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE
**FROM:** ____ **TO:** ____

20. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION

21. CASE DISPOSITION

22. CLAIM STATUS ☐ Final Payment ☐ Interim Payment Number ____ ☐ Supplemental Payment

Have you previously applied to the court for compensation and/or reimbursement for this case? ☐ YES ☐ NO If yes, were you paid? ☐ YES ☐ NO
Other than from the Court, have you, or to your knowledge has anyone else, received payment *(compensation or anything of value)* from any other source in connection with this representation? ☐ YES ☐ NO If yes, give details on additional sheets.
**I swear or affirm the truth or correctness of the above statements.**

Signature of Attorney ____ Date ____

## APPROVED FOR PAYMENT — COURT USE ONLY

| 23. IN COURT COMP. | 24. OUT OF COURT COMP. | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMT. APPR./CERT. |
|---|---|---|---|---|
| | | | | $0.00 |

| 28. SIGNATURE OF THE PRESIDING JUDGE | DATE | 28a. JUDGE CODE |
|---|---|---|
| | | |

| 29. IN COURT COMP. | 30. OUT OF COURT COMP. | 31. TRAVEL EXPENSES | 32. OTHER EXPENSES | 33. TOTAL AMT. APPROVED |
|---|---|---|---|---|
| | | | | $0.00 |

| 34. SIGNATURE OF CHIEF JUDGE, COURT OF APPEALS (OR DELEGATE) *Payment approved in excess of the statutory threshold amount.* | DATE | 34a. JUDGE CODE |
|---|---|---|
| | | |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>HONG ZOU<br>QING ZOU,<br><br>Defendant(s). | 26-MJ-176<br><br>ORDER |

LARA K. ESHKENAZI, United States Magistrate Judge:

This Order is entered, pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116–182, 134 Stat. 894 (Oct. 21, 2020), to confirm the Government's disclosure obligations under *Brady* v. *Maryland*, 373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating those obligations.

The Government must disclose to the defense all information "favorable to an accused" that is "material either to guilt or to punishment" and that is known to the Government. *Id.* at 87. This obligation applies regardless of whether the defendant requests this information or whether the information would itself constitute admissible evidence. The Government shall disclose such information to the defense promptly after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of its case.

As part of these obligations, the Government must disclose any information that can be used to impeach the trial testimony of a Government witness within the meaning of *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny. Such information must be disclosed sufficiently in advance of trial in order for the defendant to make effective use of it at trial or at such other time as the Court may order.[1]

[1] This Order does not purport to set forth an exhaustive list of the Government's disclosure obligations.

The foregoing obligations are continuing ones and apply to materials that become known to the Government in the future. These obligations also apply to information that is otherwise subject to disclosure regardless of whether the Government credits it.

In the event the Government believes that a disclosure under this Order would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, it may apply to the Court for a modification of its obligations, which may include in camera review or withholding or subjecting to a protective order all or part of the information otherwise subject to disclosure.[2]

For purposes of this Order, the Government has an affirmative obligation to seek all information subject to disclosure under this Order from all current or former federal, state, and local prosecutors, law enforcement officers, and other officers who have participated in the prosecution, or investigation that led to the prosecution, of the offense or offenses with which the defendant is charged.

If the Government fails to comply with this Order, the Court, in addition to ordering production of the information, may:

(1) specify the terms and conditions of such production;

(2) grant a continuance;

(3) impose evidentiary sanctions;

(4) impose contempt or other sanctions on any lawyer responsible for violations of the Government's disclosure obligations, or refer the matter to disciplinary authorities;

(5) dismiss charges before trial or vacate a conviction after trial or a guilty plea; or

(6) enter any other order that is just under the circumstances.

---

[2] The Classified Information Procedures Act sets forth separate procedures to be followed in the event that the Government believes matters relating to classified information may arise in connection with the prosecution. *See* 18 U.S.C. app. 3 §§ 1 *et seq*.

SO ORDERED.

Dated: SEPTEMBER 15, 2026
BROOKLYN, NEW YORK

Lara K. Eshkenazi
United States Magistrate Judge